## Cole v. Porter et al.

A demurrer should specify the precise ground of objection, and show in what respect the pleading is claimed to be legally insufficient.

The Code directs execution sales to be made between nine o'clock in the forenoon and four o'clock in the afternoon ; but where a notice of sale fixed the time of sale as between the hours of two and five o'clock in the afternoon ; held, that a valid sale might be made under such notice, as it will not be presumed that the officer sold the property after the time directed by the Code.

It will be presumed that an officer has done his duty, till the contrary appears.

### Appeal from Jackson District Court.

*Opinion by* Greene, J. This petition was filed by Eli Cole against Pitman and others. Petitioner claimed to have purchased a certain lot in the town of Bellevue, under a mortgage sale, and by an agreement with the parties in interest, it was agreed that the purchase money should be paid over to that party in whose favor a certain suit pending in the district court might be decided.— Defendants' demurrer to the petition was sustained. The demurrer alleges two objections to the petition. 1. That plaintiff's case as stated, is insufficient in law to entitle him to the relief prayed for. 2. "Because it appears from the plaintiff's petition, and the exhibits thereto annexed, that the notice under which the alleged sale was made, and under which plaintiff claims, is illegal and insufficient in this, to-wit: Said property was advertised to be sold on the 9th day of July, 1853, between the hours of two and five P. M., whereas the law requires the sale to be made between the hours of nine and four o'clock of the same day, and that the petition further shows that the sale took place in compliance with said notice."

1. The first objection alleged in the demurrer, is so general that it cannot be entertained under the Code. Indeed,

it does not appear to have been relied upon by appellant's counsel. The Code abolishes demurrers for formal defects; and for substantial defects it requires the true grounds of objection to be set forth; § 1754. A demurrer should specify the precise ground of objection. It should show in what respect the pleading is claimed to be legally insufficient. The first ground of objection made by the demurrer strikes at random, and indiscriminately at the whole petition, and is in all respects too general to be entertained under the Code.

2. The only question raised by the second cause of demurrer, is in reference to the sufficiency of the notice in stating the time of sale. It appears, the appellant purchased the lot in question by virtue of a mortgage sale, as authorized by the Code. According to § 2075, such sales are to be published and conducted in the same manner as is required in the sale of like property on execution. Such a sale must be at public auction, between the hours of nine o'clock in the forenoon and four o'clock in the afternoon; § 1908.

But the notice in this case designated the time of sale between the hours of two and of five o'clock p. m., thus extending the time one hour beyond the time directed by the Code, but still including two hours within which the sale is authorized. Such a sale should be made on the day and within the hours designated by the notice.

The notice, too, should be prepared in conformity to the Code. Still, we cannot think the slight departure complained of in this case is sufficient to vitiate the sale. It will not be presumed that the sale was made after four o'clock. It will rather be presumed that the officer did his duty by selling the property within the time directed by law. If the notice had named the hour or hours of sale entirely outside of the time fixed by law, the objection would have been well founded. But as he had two hours within which he could make the sale pursuant to the Code,

as well as the notice, it will be presumed, till the contrary appears, that he sold the property within the legal time.

Every legal presumption should be that an officer has done his duty; *Dollarhide* v. *Muscatine County*, 1 G. Greene, 158; *McGuffie* v. *Dervine*, ib., 251; *Barney* v. *Chittenden*, 2 ib., 165. We conclude, then, that the court erred in sustaining defendants' demurrer, for the causes therein alleged.

Judgment reversed.

*James Burt*, for appellant.

*Smith*, *McKinlay* and *Poor*, for appellees.